UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARIMA A. WILLIAMS,**

      **Plaintiff,**

v.                                                                                   Case No: 6:22-cv-211-DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. Doc. 19. An Administrative Law Judge (ALJ) found that Claimant was not disabled, Claimant requested a review of the decision, and the Appeals Council remanded the matter for further proceedings. On September 29, 2021, the ALJ issued an unfavorable decision finding that Claimant was not disabled. Again, Claimant requested a review, but the Appeals Council denied the request. Claimant's appeal followed.

Having considered the parties' memoranda (Docs. 19, 20, 21) and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**       **Issues on Appeal**

Claimant raises one issue on appeal: The ALJ failed to apply the correct legal standards at step three of the sequential evaluation process. Doc. 19.

## II. Standard of Review

The Social Security Administration (SSA) regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064 (11th Cir. 1994).

**III.     Discussion**

With respect to step three of the sequential analysis, Claimant argues that her impairments are "medically equivalent" to the criteria for Listing 5.08 from the 20 C.F.R. Part 404 Subpart P, Appendix 1 Listing of Impairments (the Listings) but the ALJ improperly used only the legal standard for whether Claimant's impairments "met" the criteria.  Doc. 19 at 10.

At step three, Plaintiff has the burden of establishing the existence of an impairment or combination of impairments that meets or equals the criteria of a medical listing in 20 C.F.R. pt. 404, Subpt. P, App. 1.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The purpose of the medical listings is to "streamline the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background."  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  If a claimant establishes that she meets or equals a listing, no further proof of disability is required.  *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990).

To "meet" a listed impairment, "a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the [listed impairment] and the duration requirement."  *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam) (citing 20 C.F.R. § 404.1525(a)-(d)).  To "equal" a listed impairment, the medical findings must be "at least equal in severity and duration to the listed findings."  *Id*. (citing 20 C.F.R. § 404.1526(a)).

Claimant's initial appeal also dealt with a step three Listing 5.08 issue.  List 5.08 provides:

> Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

20 C.F.R. § 404, Subpt. P, App. 1.  With respect to the ALJ's March 2, 2020 unfavorable decision, the Appeals Counsel found and directed, in part, the following:

> The hearing decision does not address the relevant listings at Step three of the sequential evaluation process. Specifically, although the medical evidence of record does not show the claimant has any severe gastrointestinal impairments, it does show she has consistently low Body Mass Index (BMI) values of less than 17.5 (Exhibits 3F, page 4; 8F pages 7 and 10; and 16F, pages 2, 9, 14, 32). The hearing decision does not discuss whether Listing 5.08 was equaled. Therefore, further evaluation is required.
>
> Upon remand, the Administrative Law Judge will:
>
> - Obtain evidence from a medical expert to help determine whether the claimant's combination of impairments meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4, including section 5.08 (20 CFR 404.1513a(b)(2) and 416.913a(b)(2)). . . .

R. 270.  On remand, Dr. John Daller, M.D., Ph.D. completed interrogatories and on March 4, 2021, opined that Claimant's impairments medically equaled the requirements of Listing 5.08.  R. 1474. The ALJ also requested that Dr. Olivia Bajor, D.O. complete interrogatories and on July 27, 2021, that physician found:

> I do not find evidence to support listing 5.08 for weight loss/underweight because there is no diagnosis made, and therefore no treatment rendered.  The listing states 'despite continuing treatment as prescribed' and the weight issue has not been addressed."  R. 1576.

On September 29, 2021, the ALJ issued the most recent unfavorable decision at issue and found that Claimant has these severe impairments: asthma, brain atrophy, bilateral metacarpal phalangeal joint deformity of the fourth digit, possible congenital deformities of hands and feet, multi-substance abuse, adjustment disorder with mixed disturbance of emotions and conduct, major depressive disorder, posttraumatic stress disorder, generalized anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).  R. 23.  At step three, the ALJ again determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity

of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id*.

> At step three, in relevant part, the ALJ made the following determination:
>
> The medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination. No State agency reviewer/consultant/examiner has concluded that the claimant has an impairment(s) severe enough to meet or equal a listing. No subsequent evidence has been submitted that would alter the previous conclusions that the claimant has no impairments severe enough to meet or equal a listing. No treating physician has credibly concluded that the claimant has an impairment or combination thereof severe enough to meet or equal a listing.
>
> Medical expert, Olivia Bajor, D.O., evaluated the medical record and found that claimant's impairments did not meet Listing 5.08, 1.18. 11.14, and 3.03. Regarding Listing 5.08, she indicated that she did not find evidence to support listing 5.08 for weight loss/underweight because there is no diagnosis made, and no treatment was rendered. She noted that the listing states "despite continuing treatment as prescribed" and that the weight issue had not been addressed.

R. 23. Later in the decision, the ALJ noted that:

> Medical consultant, John A. Daller, M.D., opined that although the claimant did not have a G.I. diagnosis, there was evidence of abdominal pain and constipation in 2018 and 2019, and her BMI of less than 17.5 from gastrointestinal issues caused her to equal listing 5.08. He cited to Exhibit 8F of September 2018, which showed her to have BMI of 17.7, which was stable from Exhibit 3F at 10 where it was 17, but down from Exhibit 16F at Exhibit 7F, where it was 18.3. It was also noted in October 2018 her BMI was down to 17, in February 2019 it was 15.9 and in July 2019 it was 16.1. Based on these references, he determined that the claimant equaled listing 5.08 since October 2018. . . .
>
> The opinion of Dr. Daller is not persuasive. This individual is board certified in surgery and his findings are no[t] consistent with the requirements of listing 5.08, which requires weight loss due to a digestive disorder, "despite continuing treatment as prescribed," with a BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart, within a consecutive 6 month period. Again, she has not been diagnosed with a digestive disorder, nor has she received treatment for same. . . .
>
> Medical expert, Olivia Bajor, D.O., found the claimant's impairments did not meet Listing 5.08, 1.18. 11.14, or 3.03. Regarding Listing 5.08, she stated there was no evidence to support listing 5.08 for weight loss/underweight because there was no

> diagnosis made and no treatment was rendered. She noted that the listing states "despite continuing treatment as prescribed" and that the weight issue had not been addressed. . . .
>
> The opinion of Dr. Bajor is partially persuasive, as her assessment concerning Listing 5.08 is consistent with the record and requirements of Listing 5.08. As indicated by the doctor a diagnoses [sic] has not been made and treatment has not been rendered. . . .

R. 38, 39.

Claimant argues that contrary to the ALJ's finding, the medical record does document listing-level severity. Doc. 19 at 8. Claimant contends that "the record is replete with evidence documenting [Claimant's] BMI of less than 17.5." *Id*. Claimant states that Dr. Bajor opined one of Claimant's impairments was "[u]nderweight" and "[c]ontrary to the findings by the ALJ and Dr. Bajor, the medical records reveal that [Claimant] was repeatedly provided information regarding her unacceptable BMI by her physicians." *Id*. at 9. Claimant asserts that the ALJ "strictly determined whether [Claimant's] impairment 'met' the requirements of Listing 5.08" but the Appeals Council "specifically ordered the ALJ to determine whether the criteria of any section of the Listing of Impairments. . . is met or equaled, including section 5.08. . .." *Id*. at 10. As such, Claimant argues that the ALJ failed to apply the correct legal standards when evaluating whether Claimant's impairment equaled Listing 5.08. *Id*.

The Commissioner disagrees. The Commissioner argues that "the ALJ's rationale easily clears what is legally required for a finding Plaintiff did not medically equal Listing 5.08 of the 'Digestive Systems' Listings." Doc. 20 at 17. The Commissioner points out that Dr. Bajor checked off "No" to the following inquiry:

> Do any of the claimant's impairments established by the medical evidence, combined or separately, meet or equal any impairment described in the Listing of Impairments? **Please consider specifically, whether claimant's impairments meet or equal Listing 5.08.**

*Id*.  The Commissioner asserts that "it is not required that the [Commissioner] mechanically recite the evidence leading to [her] determination." *Id*., citing *Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986).  Notably, the Commissioner states that under Social Security Ruling 17-2p, when an ALJ finds that a claimant does not medically equal a listing, the ALJ "is not required to articulate specific evidence supporting that determination.  2017 WL 3928306, at *5.

"Although Social Security Rulings do not have the force of law, they are entitled to deference so long as they are consistent with the Social Security Act and regulations." *Nelson v. Comm'r of Soc. Sec.*, 2021 WL 1207753, at *4 (M.D. Fla. Mar. 31, 2001) (citing *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994)).  SSR 17-2p "provides guidance about how adjudicators at the hearing and Appeals Council levels of the administrative review process make findings about medical equivalence. . .." *Id.*[1]

> SSR 17-2p provides the following:
>
> [A]n adjudicator at the hearings or [Appeals Council] level must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing. If an adjudicator at the hearings or [Appeals Council] level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding. An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

2017 WL 3928306, at *4.

---

[1] In 2017, the Social Security Administration provided notice of SSR 17-2p, which became effective on March 27, 2017.  2017 WL 3928306, at *1.  SSR 17-2p rescinded and replaced SSR 96-6p.

"[T]he Eleventh Circuit's interpretation of an ALJ's articulation requirement is consistent with SSR 17-2p." *Nelson*, 2021 WL 1207753, at *5. While an ALJ is required to consider the Listings, the ALJ does not have to "mechanically recite" the evidence and may implicitly find that a claimant does not meet a Listing. *Id*. (citing *Hutchinson*, 787 F.2d at 1463 (stating that, when an ALJ "did not explicitly state that the appellant's impairments were not contained in the listings, such a determination was implicit in the ALJ's decision" because he proceeded to step four).

In the Reply, Claimant argues that even though the ALJ is generally correct regarding SSR 17-2p, Claimant's case is distinguishable because the Appeals Council stated on remand that the ALJ's previous "decision does not discuss whether Listing 5.08 was equaled. Therefore, further evaluation is required." Doc. 21 at 4. Since 20 C.F.R. § 404.977(b) requires that the ALJ "shall take any action that is ordered by the Appeals Council. . .", Claimant asserts that the ALJ failed to properly determine whether Claimant equaled the Listing 5.08.

The Court is not persuaded that Claimant is entitled to relief. As the Commissioner correctly explains, the Appeals Council did not order the ALJ to find that Plaintiff medically equaled any portion of Listing 5.08. Doc. 20 at 16. Instead, the Appeals Council remanded the matter on the initial appeal because absent from the ALJ's decision was a discussion on whether Listing 5.08 was equaled. Upon remand, the ALJ discussed Listing 5.08 and the evidence as it relates to the step three requirements. That analysis was sufficient and complied with SSR 17-2p, and the Appeals Council's remand did not change what was required of the ALJ. Indeed, the Appeals Council denied review of the ALJ's 2021 decision.

While Claimant is correct that the ALJ must take the action the Appeals Council directs, there is nothing in the remand that required the ALJ to "mechanically recite the evidence" with respect to the Listing 5.08, which would be more than what was otherwise necessary. In other

words, the ALJ's discussion of Listing 5.08 was sufficient under with the law, which in turn complied with the Appeals Council's directive. Overall, the ALJ's articulation in the decision was adequate.

In sum, at step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, which included Listing 5.08. The ALJ specifically found that no subsequent evidence was submitted that would alter the previous determination on this issue. R. 23. Moreover, as discussed, the ALJ provides a rationale for treatment of Claimant's BMI, Listing 5.08, and the relevant physicians' opinions elsewhere in the decision. *See* SSR 17-2p, 2017 WL 3928306, at *4 ("An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3."). The ALJ extensively discussed Claimant's testimony and medical evidence concerning Claimant's BMI throughout the decision.

Accordingly, the ALJ did not err at step three.

IV.   **Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on March 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE